# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

EUGENE KENNETH JONES,       )
                                           )
            Petitioner,              )
                                           )
          vs.                        )      **Case No. 4:06 CV 767 RWS(LMB)**
                                           )
TROY STEELE,                         )
                                           )
            Respondent.          )

## ORDER

This matter is before the court on the petition of Eugene Kenneth Jones for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Presently pending before the court is "Petitioner's Motion in Opposition, and to Request the Court to Reconsider its June 8, 2009 Order Denying Petitioner's Motion to Stay and Abate in the Above-Styles Case Herein." (Document Number 62). Petitioner has also filed "Petitioner's Motion for Leave to Supplement to also Withdraw Grounds 6, 7 and 19 from the Amended Petition in this Instant Case," (Doc. No. 64) and "Petitioner's Request that the Court Exclude Grounds 1, 2, 3 and 12 from the Habeas Corpus Petition in the Above-Styled Case" (Doc. No. 65).

## Procedural History

Petitioner is confined at the Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. See Resp't Ex. A at 60. On February 21, 2003, petitioner was found guilty after a jury trial of

first degree robbery, armed criminal action, and unlawful use of a weapon. <u>See</u> <u>id.</u> at 48-50.

Petitioner was sentenced to consecutive terms of twenty years imprisonment for the robbery

charge, five years imprisonment for the armed criminal action charge, and five years imprisonment

for the unlawful use of a weapon charge, for a total of thirty years imprisonment. <u>See</u> Resp't Ex.

2 at 34-36.

In his single point on direct appeal of his convictions, petitioner argued that the trial court

erred in denying his motion to proceed <u>pro</u> <u>se</u>. <u>See</u> Resp't Ex. D. On April 27, 2004, the

Missouri Court of Appeals for the Eastern District affirmed the judgment of the trial court. <u>See</u>

Resp't Ex. F.

On June 10, 2004, petitioner filed a <u>pro</u> <u>se</u> motion for post-conviction relief pursuant to

Rule 29.15. Resp't Ex. G at 4-125. On September 30, 2004, after appointment of counsel,

petitioner filed an amended motion. <u>Id.</u> at 129-53. Petitioner argued that he received ineffective

assistance of counsel because: (1) trial counsel failed to adequately investigate petitioner's case by

failing to file a motion to compel discovery to depose Mr. Morris Robinson and Mr. Ron Butler;

and (2) appellate counsel failed to ask the Court of Appeals to grant petitioner a new trial because

the trial court erred in denying petitioner's request to exclude the testimony of Mr. Morris

Robinson and Mr. Ron Butler because the State did not make them available for a pre-trial

discovery deposition. <u>See</u> <u>id.</u> On February 24, 2005, the motion court denied petitioner's

motion. <u>Id.</u> at 236-42.

On March 1, 2005, petitioner timely filed a notice of appeal from the denial of post-

conviction relief. <u>Id.</u> at 245. Petitioner raised two points on appeal of the denial of post-

conviction relief. <u>See</u> Resp't Ex. H. Petitioner first argued that the motion court lacked

jurisdiction to rule on the amended post-conviction relief motion. Petitioner next argued that the

motion court erred because he was denied effective assistance of counsel in that trial counsel failed to adequately investigate petitioner's case by failing to file a motion to compel discovery in order to prepare for an adequate defense and to depose Mr. Robinson and Mr. Butler. On January 3, 2006, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Resp't Ex. J.

On May 11, 2006, petitioner filed a petition for writ of habeas corpus, raising four grounds for relief. (Doc. No. 3). On November 8, 2006, petitioner filed an Amended Petition, in which he raises eighteen grounds for relief. (Doc. No. 19). On December 11, 2006, respondent filed a Response to the Amended Petition. (Doc. No. 21). Petitioner amended his petition to add a nineteenth ground for relief on September 3, 2008. (Doc. No. 59).

On November 28, 2008, petitioner filed "Petitioner's Request to Hold Any Scheduled Rulings on the Merits of his Claims Asserted in his Section 2254 Habeas Petition in Abeyance." (Doc. No. 56). On February 23, 2009, petitioner filed a "Motion Requesting Court to Delay its Ruling in the Above-Styled Cause." (Doc. No. 59). In these motions, petitioner indicated that he wished to present grounds one, three, and thirteen of his petition to the state court in a Rule 91 petition for a writ of habeas corpus. Petitioner requested that this court hold his petition in abeyance while he seeks this relief in state court.

On June 8, 2009, the court denied petitioner's motion to hold the petition in abeyance, and instructed petitioner to inform the court whether he intended to withdraw grounds one, three, and thirteen; dismiss his petition in its entirety; or proceed with the Amended Petition in its entirety as it currently stands.

On June 15, 2009, petitioner filed a motion to reconsider the court's June 8, 2009 Order Denying Petitioner's Motion to Stay and Abate. (Doc. No. 62). On July 8, 2009, petitioner filed

"Petitioner's Motion for Leave to Supplement to also Withdraw Grounds 6, 7 and 19 from the Amended Petition in this Instant Case," in which petitioner states that he wishes to withdraw grounds one, two, three, six, seven, twelve, and nineteen from his Amended Petition. (Doc. No. 64). On the same day, petitioner filed "Petitioner's Request that the Court Exclude Grounds 1, 2, 3 and 12 from the Habeas Corpus Petition in the Above-Styled Case," in which petitioner states that he wishes to exclude grounds one, two, three, and twelve from the Amended Petition. (Doc. No. 65).

The undersigned will deny petitioner's motion to reconsider its June 8, 2009 Order Denying Petitioner's Motion to Stay and Abate (Doc. No. 62), and will grant petitioner's request to withdraw grounds one, two, three, six, seven, twelve, and nineteen from his Amended Petition.

## Facts[1]

The sufficiency of the evidence is not at issue. Viewed in a light most favorable to the verdict, the evidence adduced at trial established the following facts. Petitioner approached the victim, Mildred Mullins, on a gas station lot in broad daylight. She retreated to her car, and petitioner came up and bent over the open car door, holding a gun to her head and demanding money. She gave him $16. As the robbery was taking place, Morris Robinson, a friend of Ms. Mullins, arrived and walked up to Ms. Mullins' vehicle. Petitioner warned Mr. Robinson that "this doesn't concern you." Mr. Robinson insisted that it did, whereupon petitioner walked over to Mr. Robinson's vehicle, turned to face him, and pointed a gun at him, saying "I don't' want to kill you today." Ms. Mullins then fled in her car, Mr. Robinson walked toward the service station building,

---

[1]The court's statements of the facts is taken from a summary of facts contained in the decision of the motion court denying petitioner's motion for post-conviction relief. See Resp't Ex. G at 238-39.

and petitioner disappeared. The incident was witnessed by Ron Butler, who was working across the street at his place of business. Mr. Butler immediately called the police, as did Ms. Mullins when she rendezvoused with Mr. Robinson a block or so away from the service station lot. Responding officers took reports and broadcast a description of the perpetrator and the vehicle he departed in. Within minutes, other officers observed a vehicle and driver matching the broadcast. The officers detained the vehicle and discovered a gun in the front seat. Petitioner was the driver. The witnesses were transported to the scene, and each positively identified petitioner and the weapon.

## Discussion

### A.    Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of

law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 1522.

## B.     **Procedural Default**

Respondent argues that petitioner's grounds one through fourteen should be denied because he has procedurally defaulted those claims by not presenting them to the appropriate state courts. It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Solem, 801 F.2d 324, 333 (8th Cir. 1986) (internal citations omitted). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983,

115 S. Ct. 462, 130 L.Ed.2d 370 (1994). If a petitioner cannot demonstrate cause, then the court

need not determine whether the petitioner has suffered actual prejudice. See Leggins v. Lockhart,

822 F.2d 764, 768 (8th Cir. 1987), cert. denied, 485 U.S. 907, 108 S. Ct. 1080, 99 L.Ed.2d 239

(1988).

      In the present case, petitioner failed to raise the claims contained in grounds four, five,

eight, nine, ten, eleven, thirteen or fourteen in his direct appeal or his post-conviction relief motion.

As such, petitioner defaulted these claims by failing "to present them to the Missouri courts at any

stage of his direct appeal or his post-conviction proceedings." Sweet v. Delo, 125 F.3d 1144,

1149 (8th Cir. 1997). See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (stating that

a petitioner's "failure to file a timely Rule 24.035 postconviction motion constitutes" a procedural

default).

      Petitioner fails to allege "cause" for his procedural default. As such, this court need not

address the "actual prejudice" prong of the inquiry. See Leggins, 822 F.2d at 768. A federal

habeas court may also reach the merits of procedurally defaulted claims where the petitioner can

demonstrate that a "miscarriage of justice" exception applies. This narrow exception is limited to

extraordinary circumstances where actual innocence can be demonstrated. See Murray v. Carrier,

477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The Petitioner must show that

a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup

v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Put another

way, the petitioner must "show that it is more likely than not that 'no reasonable juror' would

have" found petitioner guilty beyond a reasonable doubt. Id. at 329, 115 S. Ct. 867.

      Petitioner does not allege that he overcomes the procedural default by demonstrating that

he is "actually innocent."  Thus, grounds four, five, eight, nine, ten, eleven, thirteen and fourteen are procedurally defaulted.

## C.  Petitioner's Claims

As previously discussed, petitioner has withdrawn grounds one, two, three, six, seven, twelve, and nineteen from his Amended Petition.  The following twelve grounds for relief remain in petitioner's Amended Petition: four, five, eight, nine, ten, eleven, thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen.  The undersigned has found that grounds four, five, eight, nine, ten, eleven, thirteen, and fourteen are procedurally defaulted.  These claims fail on their merits as well.

## 1.  Ground Four

In his fourth ground for relief, petitioner argues that the trial court violated the Fourth Amendment by denying his motion to suppress and allowing the prosecutor to introduce into evidence clothing and a gun found in a car.  Petitioner claims that the police did not have probable cause to stop and search the car.

Fourth Amendment claims are not reviewable in federal habeas corpus actions where the State has provided for a full and fair litigation of such a claim.  See Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976); Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).  A search and seizure claim is cognizable in a habeas action only if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system."  Sweet, 125 F.3d at 1149 (quoting Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1995)).

In the instant case, petitioner was provided a hearing regarding his motion to suppress evidence based on the assertion that the search and seizure violated the Fourth Amendment. See Resp't Ex. B at 220-22. Thus, the claim is not reviewable.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

**2.    Ground Five**

In his fifth ground for relief, petitioner argues that the trial court erred in denying his motion to suppress evidence of the out-of-court identification and the in-court identification of him as the culprit. Petitioner claims that the out-of-court identification was unreliable because the only description of the suspect given to the police was based on the assailant's clothing. Petitioner also claims that the out-of-court identification was unduly suggestive because the identification was the product of a one-person "show up" that took place a couple of miles from the scene of the crime, while petitioner was being detained after an investigative stop. With regard to the in-court identification, petitioner contends that after voir dire, the State had three identification witnesses walk directly past petitioner, who was sitting at a table with his counsel.

The test used in evaluating the reliability of identification testimony is set out in Manson v. Brathwaite, 432 U.S. 98, 116, 97 S. Ct. 2243, 2254, 53 L.Ed.2d 140 (1977), in which the court held that (1) the court must consider whether the identification procedures were impermissibly suggestive, and (2) if the procedures used were impermissibly suggestive, the court must look to the totality of the circumstances to determine whether the suggestive procedure created a "very substantial likelihood of irreparable misidentification." Id.

Petitioner contends that the out-of-court identification was impermissibly suggestive because it resulted from a one-person "show up" of petitioner while he was being detained by

police a few miles from the crime scene. "Police officers need not limit themselves to station house line-ups when an opportunity for a quick, on-the-scene identification arises. Such identifications are essential to free innocent suspects and to inform the police if further investigation is necessary." United States v. King, 148 F.3d 968, 970 (8th Cir. 1998). "Necessary incidents of on-the-scene identifications, such as the suspect[] being handcuffed and in police custody, do not render the identification procedure impermissibly suggestive." Id. "Whether such factors cast doubt on the accuracy of a positive identification is an issue for the jury." Id.

In this case, the mere fact that the out-of-court identification resulted from a one person "show up" of petitioner near the crime scene does not render the identification impermissibly suggestive. Further, even if the identification procedures were unduly suggestive, petitioner would fail to meet the standard of the second prong of Manson. The witnesses in this case had sufficient opportunity to observe petitioner independently in the daylight, and identified petitioner within an hour of the crime. Petitioner also claims that the eyewitnesses' descriptions of the perpetrator were inadequate. The accuracy of the eyewitnesses' descriptions, however, was an issue for the jury. As such, the admission of the out-of-court identification, as well as the identification at trial, did not violate petitioner's due process rights.

Accordingly, the undersigned recommends that this ground for relief be denied.

**3.    Ground Eight**

In his eighth ground for relief, petitioner argues that the trial court violated the Due Process Clause by sustaining the prosecutor's objections to defense counsel's statement in closing argument that the two victims identified petitioner as the culprit at the same time during a police "show up." Petitioner contends that, by sustaining the prosecutor's objections, the trial court commented on the merits of petitioner's misidentification defense.

The following colloquy occurred during defense counsel's closing argument:

[DEFENSE COUNSEL]: Officer Biondolino told you that at the time he only presented-- that he took them one at a time to the scene, two miles away. That's what he told you on the stand, but then he admitted on cross-examination that--actually, his police report indicates that Ms. Mullins and Mr. Robinson identified this individual at the exact same time--

[PROSECUTOR]: Your Honor, I'm going to object. That is totally not what the evidence was in this case. He is misleading this jury.

[DEFENSE COUNSEL]: That is what the police report showed–

[PROSECUTOR]: Your Honor, he is misleading the jury.

[DEFENSE COUNSEL]: That is not–

THE COURT: Well, [prosecutor], hold on a minute.
            The objection is sustained. The last remark is stricken. The jury will disregard it.

Resp't Ex. B at 321-23.

The trial court provided the following explanation for sustaining the prosecutor's

objections in its order denying petitioner's motion for new trial:

> It is elementary that a trial court cannot comment on the evidence [citation omitted], and an objection to a misstatement of the evidence by defense counsel in closing argument should not be sustained unless there was an indisputable misstatement. In this case, however, the Court has carefully reviewed the evidence and concluded that it was not error to sustain the objection to the argument as phrased. First, the reference to what the police report reflected was improper, as the police report was not in evidence. Although defense counsel's statement was literally true, in the sense that the police officer confirmed that the report showed that the witnesses viewed the defendant at the same time of day, the Court construed the argument in context as asserting that the police report "reflected" that the eyewitnesses viewed the defendant "at the exact same time," i.e., simultaneously. This was indisputably not the case. Second assuming that defense counsel was attempting to argue an inference that the eyewitnesses viewed the defendant simultaneously at the scene of the arrest, and in each other's presence, the unequivocal testimony of all the witnesses was that the eyewitnesses viewed the defendant separately. The inference sought to be argued by the defendant was devoid of evidentiary support on the record herein. The fact that the police report noted that the witnesses viewed the defendant at the same time of day does not, in the Court's view, provide a rational basis to argue that the police report's note indicates that the witnesses in fact viewed the defendant together.

Resp't Ex. A at 57-58.

The trial court sustained the State's objection to defense counsel's closing argument because the police report referenced by defense counsel was not in evidence and because defense counsel misstated the evidence. In doing so, the trial court did not comment on the evidence. Rather, the trial court merely sustained the State's objection and instructed the jury to disregard defense counsel's comment regarding the content of the police report.

Accordingly, the undersigned recommends that petitioner's eighth ground for relief be denied.

**4.     Ground Nine**

In his ninth ground for relief, petitioner argues that the venire panel was tainted because, after voir dire, and while defense counsel was "examining [his] peremptory [challenges]," the prosecutor noticed that three of the State's witnesses-Mildred Mullins, Rob Butler, and Morris Robinson-were talking to members of the venire panel. Defense counsel did not request a hearing on the matter of jury contamination.

A party must show that "outside contact with the jury presents a reasonable possibility of prejudice to the verdict," before a hearing is required. Unites States v. Tucker, 137 F.3d 1016, 1030 (8th Cir. 1998). Petitioner does not allege that the jurors were discussing the case with the witnesses. There is no evidence in the record that the subject of the conversation was improper. See Resp't Ex. B at 161-64. The jury panel was instructed that "until you are discharged you must not talk with others about the case or permit them to discuss it with you or in your hearing." Resp't Ex. B at 108-09. "A jury is presumed to follow the instructions given." Gianakos v. United States, 560 F.3d 817, 823 (8th Cir. 2009). As such, the trial judge did not err in failing to sua sponte hold a hearing on the issue of whether the jury was contaminated.

Accordingly, the undersigned recommends that this ground for relief be denied.

**5.    Ground Ten**

In his tenth ground for relief, petitioner argues that the State violated Missouri Supreme Court Rules 25.03(A) and 25.02 by failing to provide the defense with the current addresses of its endorsed witnesses Morris Robinson and Ron Butler, and by failing to make them available for depositions.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).   "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68, 112 S.Ct. 475.  The issue of whether the State violated Missouri's discovery rules is a question of state law.

Accordingly, the undersigned recommends that petitioner's tenth ground for relief be denied.

**6.    Ground Eleven**

In his eleventh ground for relief, petitioner argues that the prosecutor violated the Due Process Clause by calling petitioner an "urban predator" during closing argument.  Petitioner alleges that this comment had a decisive effect on the jury's verdict.

The following colloquy occurred during the prosecutor's closing argument:

[PROSECUTOR]: [Petitioner] needs to take responsibility for what he did.  He thinks that he can come into the community, on 1-70 and Bircher, and rob the place, because he thinks people are easy pickings up there?  That he's being some type of urban predator, rolling around the gas station–

[DEFENSE COUNSEL]: Judge, I object to that characterization.  It's improper.

[PROSECUTOR]: The evidence has shown that, Your Honor.

THE COURT: The objection is sustained.

Modify your language, Ms. Bryant.

Resp't Ex. B at 324-25.

To prevail on a due process claim based on comments by the prosecutor, a petitioner must show that the prosecutor's comments "were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Kellogg v. Skon, 176 F.3d 447, 451 (8th Cir. 1999)(quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)). See Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871, 40 L.Ed.2d 431 (1974). "Under this standard, a petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety, the verdict probably would have been different.'" Kellogg, 176 F.3d at 451 (quoting Hamilton, 809 F.2d at 470). In determining whether the prosecutor's argument rendered the trial fundamentally unfair, a federal habeas court must consider the totality of the circumstances. See id.

In the instant case, the prosecutor's remark was not so egregious as to fatally infect the proceedings or render the trial fundamentally unfair. The prosecutor's comment was a single brief remark made during closing argument. After being admonished by the trial judge, the prosecutor made no more improper remarks. Petitioner has not met his burden of showing a reasonable probability that absent the improper remark, the jury's verdict would have been different.

Accordingly, the undersigned recommends that this ground for relief be denied.

7.      **Ground Thirteen**

In his thirteenth ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel failed to object to the violations alleged in his previous grounds for relief.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id.  "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. 2068.  A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome.  Id.  The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present.  See id. at 693, 104 S. Ct. 2067.

The question is whether trial counsel's performance, when viewed in this light, "fell outside the wide range of professionally reasonable performance."  Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996) (citing Strickland, 406 U.S. at 687, 104 S. Ct. 2064).  A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'"  Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689, 104 S. Ct. 2065).

Petitioner argues that trial counsel provided ineffective assistance in failing to object to the violations described in his previous grounds for relief.  The undersigned has found that petitioner's previous grounds for relief lack merit.  As such, trial counsel was not ineffective in failing to make meritless objections.

Accordingly, the undersigned recommends that this ground for relief be denied.

## 8.    Ground Fourteen

In his fourteenth ground for relief, petitioner argues that his direct appeal counsel provided ineffective assistance in failing to raise the claims alleged in his previous grounds for relief.

The familiar Strickland analysis is applicable to claims of ineffective assistance of appellate counsel. See Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992).  The failure to raise an unwinnable issue on appeal does not constitute ineffectiveness, rather, appellate counsel's "winnowing of the issues to eliminate a sure loser is the kind of performance that courts expect from competent counsel." Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990).  More importantly, "[a] brief that raises every colorable issue runs the risk of burying good arguments. . . ." Jones v. Barnes, 463 U.S. 745, 753, 103 S. Ct. 3308, 3313, 77 L.Ed.2d 987 (1983).

Appellate counsel is not required to raise every possible claim on direct appeal.  Further, the undersigned has already found that petitioner's previous grounds for relief lack merit.  As such, appellate counsel's failure to brief these unwinnable issues on appeal does not constitute ineffective assistance.

Accordingly, the undersigned recommends that petitioner's fourteenth ground for relief be denied.

## 9.    Ground Fifteen

In his fifteenth ground for relief, petitioner argues that the trial court plainly erred and violated the Sixth and Fourteenth Amendments by denying his motion to represent himself at trial.

The Sixth Amendment guarantees a criminal defendant the constitutional right to represent himself. Faretta v. California, 422 U.S. 806, 818-21, 95 S. Ct. 2525, 2532-34, 45 L.Ed.2d 562 (1975).  To invoke the right of self-representation, "a defendant must knowingly, intelligently,

voluntarily, and unequivocally waive his right to counsel and state his intention to represent himself." Hamilton v. Groose, 28 F.3d 859, 861 (8th Cir. 1994). The judge must investigate "as long and as thoroughly as the circumstances of the case before him demand." Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948). "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id.

Petitioner filed a motion to proceed pro se in which he notified the trial court of his desire to represent himself. Resp't Ex. A at 12. The trial court held a hearing on petitioner's motion, in which petitioner was examined to determine whether his waiver of counsel was knowing, voluntary, and intelligent. The trial court denied petitioner's motion stating that petitioner's wavier of counsel was not in proper form and that it was not knowing and intelligent. Resp't Ex. A at 17. The court found that petitioner's waiver of counsel was not knowing and intelligent for the following reasons:

> [Petitioner] faces very serious charges herein with very significant potential prison sentences and has never even familiarized himself with the applicable rules of procedure; [petitioner] has only an 11th grade education and a reduced physical ability to take trial notes; petitioner did not know the relevant ranges of punishment for two of the three charges against him and he did not know the consequence of being proven as a prior or prior and persistent offender. The Court, further, notes that if [petitioner] understood and appreciated the potential consequences of his request, by virtue of this Court's ORDER of AUGUST 27, 2001, he had notice of and time to prepare for the above hearing so that he could answer the fundamental questions asked.

Id.

Petitioner raised this claim in his direct appeal. The Missouri Court of Appeals held as follows:

A criminal defendant who makes a knowing, voluntary, and intelligent waiver of the right to counsel may not be tried with counsel forced upon him by the state. State v. Hampton, 959 S.W.2d 444, 447 (Mo. 1997) (en banc) (citing Faretta v. California, 422 U.S. 806, 835-36 (1975)). However, the right to self-representation is not absolute. Funke, 903 S.W.2d at 243. A court must "indulge in every reasonable presumption against [a defendant's] waiver" of his right to counsel. Hampton, 959 S.W.2d at 447 (citing Hamilton v. Groose, 28 F.3d 859, 862 (8th Cir. 1994)). A defendant's waiver is knowing when he actually understands the significance and consequences of a particular decision and his waiver is voluntary when his decision is uncoerced and an exercise of his informed free will. State v. Shafer, 969 S.W.2d 719, 729 (Mo. banc 1998). The judge must investigate "as long and as thoroughly as the circumstances of the case before him demand." State v. Watson, 687 S.W.2d 667, 669 (Mo. App. E.D. 1985) (citing Vol Moltke v. Gillies, 332 U.S. 708, 723-24 (1948)). A valid waiver is made when the defendant has "an apprehension of the nature of the charges; the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Watson, 687 S.W.2d at 669. The test for determining if the waiver is made intelligently and knowingly depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. State v. Hunter, 840 S.W.2d 850, 858 (Mo. banc 1992).

In Shafer, the Missouri Supreme Court employed the eight specific factors for evaluating waiver of counsel...set out in United States v. Cash, 47 F.3d 1083, 1088-89 (11th Cir. 1995). 969 S.W.2d at 728. The factors to determine whether waiver of counsel is made knowingly, voluntarily, and intelligently are: 1) the defendant's age, educational background, and physical and mental health; 2) the extent of the defendant's contact with lawyers prior to trial; 3) the defendant's knowledge of the nature of the charges, possible defenses, and penalties; 4) the defendant's understanding of the rules of procedure, evidence, and courtroom decorum; 5) the defendant's experience in criminal trials; 6) whether standby counsel was appointed and the extent to which that counsel aided the defendant; 7) any mistreatment or coercion of defendant; and 8) whether the defendant was trying to manipulate events of the trial. Id. The court in Shafer explained that all eight factors may not have equal importance in each instance of waiver of counsel. Id.

Here, on the first factor, the trial court found that [petitioner] had an eleventh grade education, was seeing a psychiatrist, and had numbness down his right arm from a stab wound which made it difficult for him to take notes. On the second factor, the record shows that [petitioner] was appointed a public defender and the two met one time during the month since the public defender was appointed to him. On the third factor, the trial court found that [petitioner] understood that he was charged with first-degree robbery, armed criminal action, and unlawful use of a weapon. However, he did not understand the potential sentences for each of these charged offenses nor did he understand the consequences of being proven a prior or prior and persistent offender. On the fourth and fifth factors, the trial court found that [petitioner] had no understanding of the court's procedural rules and had never seen a jury trial. On the sixth factor, the record does not show that the court appointed a standby attorney. On the seventh factor, the record shows that there was no mistreatment or coercion of [petitioner]. On the eighth factor, the trial court did not make a finding as to whether [petitioner] was trying to manipulate the events

of trial.  Additionally, the record shows [petitioner] understood he would be held to the same rules as an attorney who had gone through college and law school would be held to in court and he had spent more than ten hours in the law library.

We find that the trial court conducted a thorough investigation into whether [petitioner] waived his right to counsel knowingly, voluntarily, and intelligently.  We find no error plain or otherwise.  Point denied.

Resp't Ex. F at 3-5.

The decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of clearly established federal law.  The hearing held on petitioner's motion revealed that petitioner did not understand the range of punishment for two of the three charges against him, or the implication of being found a prior and persistent offender.  See Resp't Ex. C at 6, 11.  In addition, petitioner had only an eleventh-grade education, was undergoing psychiatric treatment, had a physical impairment which made it difficult for him to take notes during trial, had no understanding of the rules of procedure and evidence, and had never seen a jury trial.  See id. at 3, 4, 5, 7, 10.  These factors support the finding of the Missouri courts that petitioner did not knowingly and intelligently waive his right to counsel.

Accordingly, the undersigned recommends that this ground for relief be denied.

**10.**  **Ground Sixteen**

In his sixteenth ground for relief, petitioner argues that the motion court did not have subject matter jurisdiction because the amended Rule 29.15 motion appointed counsel filed did not include all claims known to petitioner, did not include an orderly and concise statement of all facts that support each of the claims for relief, and did not include petitioner's declaration that the amended motion included all claims for relief known to him and that he waived any claims not included in the amended motion.

Petitioner's claim is not cognizable in the court's habeas review.  "[A]n infirmity in a state-post conviction proceeding does not raise a constitutional issue cognizable in a federal habeas

- 19 -

petition." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). This rule is founded on the principle that there is no constitutional right to a state post-conviction proceeding and irregularities which occur therein do not rise to the level of constitutional violations. See Pennsylvania v. Finley, 481 U.S. 551, 557, 106 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Because petitioner was not constitutionally entitled to a post-conviction proceeding, he cannot claim constitutional error in the fact that the amended post-conviction relief motion contained errors depriving the court of jurisdiction.

Accordingly, the undersigned recommends that this ground for relief be denied.

**11.    Ground Seventeen**

In his seventeenth ground for relief, petitioner argues that trial counsel provided ineffective assistance in failing to file a motion to compel the prosecutor to disclose the addresses of state witnesses Morris Robinson and Ron Butler and to make them available for depositions.

Petitioner raised this claim in his post-conviction relief motion and in his appeal from the denial of post-conviction relief. The motion court held as follows:

> The claims alleged in the amended motion are facially insufficient to support either an evidentiary hearing or relief. Counsel's decision not to seek to compel the deposition of a witness is presumptively reasonable, absent facts showing that a deposition was somehow critical to providing a viable defense. Counsel was in possession of a police report that contained clear summaries of the eyewitness accounts. [Petitioner's] statement to the PSI writer did not dispute the essential facts of the State's case, and nothing in the amended motion alleges, as a matter of fact, how deposition testimony would have provided a viable defense. It cannot be presumed that a witness's deposition testimony would have differed from trial testimony. The amended motion alleges only conclusions based on hypothetical conflicts between deposition and trial testimony. The claim is patently insufficient to show deficient performance. [citations omitted].

Resp't Ex. G at 242.

The decision of the state court is not contrary to or an unreasonable application of clearly established federal law. The court properly applied <u>Strickland</u>, noting that trial counsel's failure to file a motion to compel was presumptively reasonable and that petitioner was unable to demonstrate prejudice. Petitioner was in possession of police reports summarizing the eyewitness accounts, and Mr. Robinson and Mr. Butler testified at trial. Petitioner is unable to show that deposition testimony would have differed from this testimony or that it would have provided a defense. Three eyewitnesses-Mr. Robinson, Mr. Butler, and the victim, Ms. Mullins- testified at trial and identified petitioner as the person who robbed Ms. Mullins. As such, petitioner is unable to demonstrate prejudice as a result of defense counsel's failure to file a motion to compel the deposition testimony of Mr. Robinson and Mr. Butler.

Accordingly, the undersigned recommends that petitioner's seventeenth ground for relief be denied.

**12.**     **<u>Ground Eighteen</u>**

In his eighteenth ground for relief, petitioner alleges the same claim contained in his seventeenth ground for relief, and contends that the motion court's denial of this claim was clearly erroneous. The undersigned has found that petitioner's seventeenth ground for relief lacks merit. Accordingly, the undersigned recommends that this ground for relief be denied.

**D.**     **<u>Certificate of Appealability</u>**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Hunter v. Bowersox</u>, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger</u>

v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## ORDER

**IT IS HEREBY ORDERED** that petitioner's motion to reconsider the court's June 8, 2009 Order denying petitioner's motion to stay and abate (Doc. No. 62) be and it is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motions to withdraw grounds one, two, three, six, seven, twelve, and nineteen from his Amended Petition (Docs. No. 64, 65) be and they are **granted**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Eugene Kenneth Jones for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this __25th__ day of August, 2009.

_Lewis M. Blanton_
_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE