# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

EUGENE KENNETH JONES,                  )
                                       )
                    Petitioner,        )
                                       )
        v.                             )        No. 4:06CV767RWS
                                       )
TROY STEELE,                           )
                                       )
                    Respondent.        )

## MEMORANDUM AND ORDER

On September 29, 2009, this Court granted Petitioner Eugene Kenneth

Jones a writ of habeas corpus because Jones was unconstitutionally denied his

Sixth Amendment right to represent himself at trial and the state court's decision

was an unreasonable application of clearly established federal law, as determined

by the Supreme Court of the United States.  On October 7, 2009, Respondent Troy

Steele, through the Missouri Attorney General, moved to alter or amend the

judgment under Rule 59(e).  The Attorney General argues that a manifest error of

law has occurred because Jones had procedurally defaulted the claim upon which

relief was granted and the claim should have been reviewed under the plain error

standard of review.  Because the state court's decision was an unreasonable

application of clearly established federal law as determined by the Supreme Court

of the United States, I will deny the Attorney General's motion.

***Background***

On September 29, 2009, this Court issued a writ of habeas corpus to Petitioner Eugene Kenneth Jones on <u>claim 15</u> of Jones' petition on the basis that Jones was unconstitutionally denied his Sixth Amendment right to represent himself at trial and the state court's decision was an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. The Missouri Attorney General conceded that clearly established federal law, as determined by the Supreme Court of the United States in <u>Faretta v. California</u>, 422 U.S. 806 (1975), required the trial court to inform Jones of the dangers and disadvantages of self-representation, but the trial court never did so. Response at 29 (Doc. 21). The Attorney General argued that because the trial court neglected <u>its own duty</u> to warn Jones, "the trial court would have erred in *granting* Jones' motion."

I granted Jones habeas relief because the state court unreasonably applied clearly established federal law by impermissibly shifting the <u>Faretta</u> burden to Jones by requiring Jones to *independently* know all the consequences of waiving his right to counsel and by relying on factors that have either been rejected by the Supreme Court of the United States, such as Jones' lack of knowledge of the court's procedural rules, or that cannot reasonably form the basis for rejecting

Jones' attempted waiver, specifically that he was physically disabled, had an eleventh grade education, had visited a psychiatrist (but was not diagnosed with any mental disease or defect), and was aware of only the maximum sentence he faced.

Because the Attorney General is now relying on his arguments in Doc. 9, it is important to clarify what the Attorney General argued in his response to the petition that was granted.[1]  Jones petitioned for a writ of habeas on May 11, 2006. In that petition, Jones raised four grounds for relief, one of which was that the trial court erred in denying his request to proceed pro se.  On June 7, 2006, the Attorney General was ordered to show cause why relief should not be granted. The Attorney General filed his response on July 19, 2006.  In his response (Doc.

---

[1] My order granting Jones relief stated "Petitioner Eugene K. Jones' Petition for Writ of Habeas Corpus [#3] and [#19] are **GRANTED in part and DENIED in part.**  Petitioner's petition is **GRANTED** on Petitioner's claims that he was improperly denied the right to represent himself at trial.  The Petition is **DENIED** in all other respects."  Although the order refers to [#3] and [#19], Jones was not granted relief on his initial petition (Doc. 3).  The initial petition (Doc. 3) was superceded by Jones' amended petition (Doc. 19).  Only the amended petition (Doc. 19) contains a ground 15.

When a habeas petitioner files an amended petition, the Court's internal electronic filing system will always show the initial petition as pending even if that petition has been superceded and is no longer pending.  The purpose of showing the motion as pending on the Court's internal filing system is to monitor the length of time a habeas case is pending so that the Court can determine when the case is reportable to Congress as overdue.  My mention of [#3] in the order should not be construed to be a decision on Doc. 3.  I was making an internal note to the Clerk's office how to administratively deal with the entire case.

9), the Attorney General argued that Jones' <u>Faretta</u> claim was procedurally barred and failed on the merits.

On November 8, 2006, Jones filed an amended petition for a writ of habeas corpus (Doc. 19), in which he raised eighteen claims for relief, one of which was that the trial court erred in denying his request to proceed <u>pro se</u>. Jones' amended petition was an entirely new petition and was <u>not</u> simply a supplement to his earlier petition.[2] There can be no question that Jones' amended petition was a wholly independent pleading replacing his earlier filing. When Jones filed his amended petition (Doc. 19), he filed a <u>wholly new</u> petition. The petition was titled "Amended Petition" and answered <u>all of the questions</u> concerning previous filings, etc., that a habeas petitioner is required to answer. The amended petition <u>did not</u> seek to simply add new grounds of relief to the pending petition, but set forth all grounds for relief, including some that been raised in the earlier petition. For this reason, the Magistrate Judge ordered the Attorney General to file a response to Jones' amended petition (Doc. 20), stating, "**This response must fully address**

_____

[2] Occasionally, habeas petitioners request leave <u>to supplement</u> their pending petitions to add more claims. An example of this is Jones' request on September 3, 2008 to supplement his petition. Doc. 50. I stress that Doc. 19 was <u>not</u> a request to supplement Jones' already pending petition, but was an amended petition.

**the merits of all grounds for relief, in addition to any procedural default issues which may be relevant**" (emphasis in original).

On December 11, 2006, the Attorney General filed his response to Jones' amended petition (Doc. 21). In his response, the Attorney General stated, "Claims 1 through 14 are procedurally barred, because Jones could have, but didn't, raise them in his direct or postconviction appeal. Claims 4 and 16 are not cognizable. (They raise pure questions of state law.) And claims 1, 2, 3, 5-15, 17, and 18 fail on the merits." Response at 7 (Doc. 21). After arguing that claims 1 through 14 were procedurally barred, the Attorney General concluded, "Because claims 1 through 14 are procedurally barred, the court can only review the merits of claims 15 through 18." Response at 9.

The Attorney General did not suggest claim 15 was procedurally barred and did not propose a plain error standard of review. Response at 7–8. In his analysis of claim 15, the Attorney General only mentioned plain error when he identified what he perceived Jones' claim to be: "Jones contends the trial court plainly erred," and when he concluded the state courts had not unreasonably applied clearly established federal law: "The Court of Appeals decision involved a reasonable application of clearly established Supreme Court precedent, see 28 U.S.C. § 2254(d); a fortiori, it did not plainly err." Response at 26, 28.

Although the Attorney General mentioned plain error in passing, he affirmatively suggested that claim 15 be reviewed under the regular deferential habeas standard: "**All claims adjudicated on the merits** by the Missouri courts are reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d)" (emphasis added). Response at 7. According to the Attorney General, claim 15 was one of those claims. He argued that Missouri Court of Appeals "reject[ed] [claim 15] on the merits" and distinguished this case from cases where the state court rejected the claim solely due to a lack of manifest injustice. Response at 27.

On September 3, 2008, Jones moved to supplement his petition to add a nineteenth claim (which Jones later withdrew). The Attorney General erroneously now argues that Jones filed a second amended petition to add the nineteenth claim (Doc. 50)[3] which the Magistrate Judge did not order him to address. In Doc. 50, Jones did not file an amended habeas petition; Jones supplemented his earlier petition to add a claim. This is an important distinction that the Attorney General seems to ignore. When Jones sought to add a nineteenth claim in Doc. 50, he did not file an entirely new petition. He requested leave to supplement his existing

---

[3] The Attorney General actually states that Jones added the nineteenth claim in Doc. 59. Doc. 59 was a motion requesting the Court to delay its ruling. The record reflects that the nineteenth claim was added in Doc. 50. I assume the Attorney General's reference to Doc. 59 is a typographical error and he meant to say Doc. 50.

petition by adding a claim. Jones later moved to withdraw grounds 1, 2, 3, 6, 7, 12 and 19 from his amended petition. The Magistrate Judge granted Jones' request to withdraw those claims. On August 25, 2009, the Magistrate Judge issued a Report and Recommendation on Jones' habeas petition. In the Report, the Magistrate concluded that grounds 4, 5, 8, 9, 10, 11, and 14 were procedurally defaulted. Report and Recommendation at 8 (Doc. 67). The Magistrate Judge did not find that Jones had procedurally defaulted on claim 15 nor did he review ground 15 for plain error. Instead, the Magistrate analyzed the claim on its merits.

Both parties were "advised they have eleven (11) days in which to file written objections to [the] Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact." Report and Recommendation at 23 (Doc. 67). On September 2, 2009, Jones objected to the Magistrate Judge's analysis and conclusion as to grounds 15, 16, 17 and 18 and requested a de novo review (Docs. 68, 69). The Attorney General did not file an objection to any portion of the Magistrate Judge's Report and Recommendation, including the finding that only grounds 4, 5, 8, 9, 10, 11, 13, and 14 were procedurally defaulted. The Attorney General did not object to the

standard of review the Magistrate Judge applied and did not argue that the Magistrate Judge should have reviewed Jones' claim 15 for plain error.

On September 29, 2009, because neither party objected to the Magistrate Judge's recommendations regarding claims 4, 5, 8, 9, 10,11, 13 and 14, I adopted and sustained the reasoning of the Magistrate Judge on those claims. After Jones objected to the Magistrate Judge's recommendation on grounds 15, 16, 17 and 18, I conducted a de novo review of those claims. After careful consideration, I adopted and sustained the thorough reasoning of the Magistrate Judge as to grounds 16, 17 and 18. I sustained Jones' objection to the Report and Recommendation's as to ground 15 and granted Jones' petition for a writ of habeas corpus on his claim that the state's unconstitutional denial of the right to self-representation at trial was an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

Despite having argued that grounds 1 through 14 were procedurally barred and making no similar claim for ground 15, arguing that ground 15 should be reviewed on its merits under § 2254(d), failing to propose a plain error standard of review for ground 15, analyzing ground 15 on the merits in his own response to Jones' amended petition, and filing no objection to the Magistrate Judge's Report and Recommendation, the Attorney General now argues that this Court should

alter or amend the judgment because Jones' claim 15 was procedurally defaulted and should have been reviewed under the plain error standard of review.

### *Legal Standard*

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. The habeas context is no exception to the prohibition on using a Rule 59(e) motion to raise new arguments that could have and should have been made before the court entered final judgment. See e.g., Bannister v, Armontrout, 4 F.3d 1434, 1440 (8th Cir. 1993). The Rule "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

*Discussion*

*The Attorney General cannot use Rule 59(e) to raise arguments that could have and should have been raised before the entry of judgment.*

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fee Litig., 396 F.3d 922, 928 (8th Cir. 2005).  The Attorney General concedes that when the Magistrate Judge ordered him to respond to Jones' amended petition and "fully address the merits of all grounds for relief, in addition to any procedural default issues which may be relevant," he "did not reassert [his] previously stated procedural default argument, but argued that the claim was without merit."  Because Jones' original petition was superceded by his amended petition as a matter of law, the response the Attorney General previously filed to Jones' original petition had no legal effect as to Jones' amended petition.[4]

"A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Bannister, 4 F.3d at 1440.  In this motion, the Attorney General relies exclusively on arguments he made in his response to Jones' initial habeas petition.  None of the

---

[4]  The District Court allows parties to incorporate their earlier arguments by reference if the parties make such a request and the request is granted.  No request to incorporate the earlier memorandum was made in this case.

arguments he relies upon were made in response to Jones' amended petition.  In response to Jones' amended petition, the Attorney General did not argue procedural default or propose a plain error standard of review.  He did not object to the Magistrate Judge's finding that grounds 4, 5, 8, 9, 10, 11, 13 and 14 were procedurally defaulted (but not ground 15) or the Magistrate Judge's review of ground 15 on the merits.  The Attorney General's new argument that Jones' claim is procedurally defaulted and should have been reviewed for plain error is an argument that could have (and should have) been offered or raised prior to entry of judgment.  Because Rule 59(e) cannot be used to raise these new arguments, I would be justified in denying the Attorney General on that basis alone.

*The Court may raise procedural default <u>sua</u> <u>sponte</u>.*

It is clear that the Courts of Appeals are not required to raise the issue of procedural default <u>sua</u> <u>sponte</u>.  <u>Trest v. Cain</u>, 522 U.S. 87, 89 (1997).  Although courts are not required to raise procedural default <u>sua</u> <u>sponte</u>, a "federal court, in the exercise of its judicial discretion, may address procedural default despite the failure of the state to preserve or present the issue properly."  <u>King v. Kemna</u>, 266 F.3d 816, 822 (8th Cir. 2001).  As a result, although the Attorney General cannot raise new arguments in his Rule 59(e) motion, I have discretion to consider the issue <u>sua</u> <u>sponte</u>.

*The Attorney General waived procedural default.*

The Attorney General now asserts that he did not waive the procedural default argument because he raised it in his response to Jones' initial habeas petition. As I have previously mentioned, the Attorney General's initial response had no legal effect because it was not made to the petition upon which relief was granted.

When "the state fail[s] to advance a procedural default argument, such argument is waived." Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002). The failure to raise an argument until a Rule 59(e) motion constitutes a waiver as a matter of law. McGuire v. Davidson Mfg. Co., 398 F.3d 1005, 1009 (8th Cir. 2005). When a party fails to file objections to a Magistrate Judge's report and recommendation, he "waive[s] his right to a de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994).

Here, the Attorney General repeatedly failed to advance procedural default until he filed his Rule 59(e) motion. After Jones filed his amended petition, the Attorney General was ordered to "fully address the merits of all grounds for relief

[in the amended petition], in addition to any procedural default issues which may be relevant." The Attorney General did not raise procedural default as a bar to claim 15, although he did raise it as a defense to claims 1 through 14.

The Attorney General failed to object to the Magistrate Judge's Report and Recommendation that claim 15 was not procedurally defaulted. The Magistrate Judge's Report and Recommendation concluded that grounds 4, 5, 8, 9, 10, 11, 13, and 14 were procedurally defaulted. Report and Recommendation at 8 (Doc. 67). The Magistrate Judge did not find that Jones had procedurally defaulted on claim 15 nor did he review ground 15 for plain error. Instead, the Magistrate analyzed the claim on its merits.

Both parties were "advised they have eleven (11) days in which to file written objections to [the] Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact." Report and Recommendation at 23 (Doc. 67). On September 2, 2009, Jones filed objections. The Attorney General <u>did not</u> file an objection to any portion of the Magistrate Judge's Report and Recommendation, including the finding that <u>only</u> grounds 4, 5, 8, 9, 10, 11, 13, and 14 were procedurally defaulted.

The Attorney General's failure to raise procedural default in his response to Jones' amended petition or his failure to object to the Magistrate Judge's Report and Recommendation alone would be sufficient to find that the Attorney General had waived procedural default. The Attorney General did not waive procedural default simply by failing to raise it as a defense, however. In this case, the Attorney General expressly waived procedural default by asking this Court to review claim 15 on the merits and by arguing that the Missouri Court of Appeals rejected claim 15 "on the merits." First, when discussing which claims were procedurally defaulted, the Attorney General <u>expressly</u> stated that this Court should address claim 15 on the merits: "Because claims 1 through 14 are procedurally barred, the court can only review the merits of claims 15 through 18."

Further, when the Attorney General described the proper standard of review, the Attorney General <u>did not</u> propose the state court's decision be reviewed for plain error. Instead, the Attorney General stated, "All claims adjudicated on the merits by the Missouri courts are reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d)" (emphasis added). Response at 7. The Attorney General clearly considered claim 15 to be among those "claims adjudicated on the merits" because he argued that the Missouri Court of Appeals "reject[ed] it on the merits." Response at 27. Moreover, the Attorney General distinguished this case from

cases where the state court rejected the claim solely due to a lack of manifest injustice.

In a similar case, the Eleventh Circuit found the Georgia Attorney General had expressly waived the procedural bar defense when he did not assert the claims were defaulted and instead urged the district court to analyze the claims under the deferential standard in 28 U.S.C. § 2254(d).[5] Hills v. Washington, 441 F.3d 1374, 1376 (11th Cir. 2006). On appeal, the respondent affirmatively informed the Eleventh Circuit that the petitioner's claims "are not defaulted" and suggested the court remand to the district court for a § 2254 analysis or conduct the analysis itself. Id.

From the Attorney General's failure to argue procedural default in his response to Jones' amended petition and failure to object to the Magistrate Judge's Report and Recommendation, a waiver of the procedural default defense can be inferred. Cf. Gray v. Netherland, 518 U.S. 152, 166 (1996) ("If the . . . claim was addressed at some stage of federal proceedings, the Commonwealth would have been obligated to raise procedural default as a defense or lose the right to assert the defense thereafter."). Additionally, I find that the Attorney General's

_____

[5] The decision actually says 42 U.S.C. § 2254(d). It is clear from the context that the "42" is a typographical error and the Eleventh Circuit referred to habeas review under 28 U.S.C. § 2254(d), and not the development and control of atomic energy in 42 U.S.C. § 2254(d).

affirmative statements that this Court can only review the merits of claims 15 through 18, that all claims adjudicated on the merits by the Missouri courts should be reviewed under 28 U.S.C. § 2254(d), and that claim 15 was rejected on its merits constituted an express waiver of the procedural default defense to claim 15. The fact that the Attorney General based his concession on what may be a flawed legal conclusion is of no consequence. Sharrieff v. Cathel, 574 F.3d 225, 229 (3d Cir. 2009); Kerns v. Ault, 408 F.3d 447, 449 n.3 (8th Cir. 2005) (finding that a concession made in error is a valid waiver).

Because the Attorney General waived the procedural default defense, argued that this Court should review claim 15 on the merits, and filed no objections to the Magistrate Judge's determination that the claim should be reviewed on the merits and no finding of procedural default (unlike claims 4, 5, 8, 9, 10, 11, 13, and 14), it was appropriate to review claim 15 on its merits under the deferential standard of 28 U.S.C. § 2254(d).

*Plain error review does not produce a different result.*

The Attorney General also argues that a manifest error of law has occurred because Jones' claim 15 should have been reviewed under the plain error standard of review. Jones responds that plain error review would not produce a different result.

The Eighth Circuit has recognized "an oft-noted, yet surprisingly persistent, split of authority in our circuit about whether plain error review 'cures' [a] procedural default." Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2009); Mack v. Caspari, 92 F.3d 637, 641 n.6 (8th Cir. 1996). In one line of cases, the state court's plain error review does not cure a procedural default. See, e.g., Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). In the other line, the federal habeas court should give "the argument the same degree of attention that the state courts gave it" by reviewing for plain error. Burns v. Gammon, 173 F.3d 1089, 1095 (8th Cir. 1999); see also Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994) ("Because the state courts reviewed Jones's claim under a plain-error standard, we also apply a plain-error standard on habeas review, not a more stringent standard."); Bannister, 4 F.3d at 1445.

There is some authority suggesting that the disarray on this issue permits each panel "to select what it believes to be the better rule." Burns, 173 F.3d at 1095. Other authority suggests that when "confronted with conflicting circuit precedent, the better practice normally is to follow the earliest opinion, as it should have controlled the subsequent panels." T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960 (8th Cir. 2006).

For purposes of this case, I have attempted to harmonize <u>Toney</u> with the circuit's other decisions. When a state court reviews "only for plain error," and goes "no further," the "properly limited plain error review . . . does not cure a procedural default." <u>Toney</u>, 79 F.3d at 699. In <u>Toney</u>, the state court decision did not analyze the merits of Toney's claim. <u>State v. Toney</u>, 680 S.W.2d 268 (Mo. Ct. App. 1984). It conducted an extremely limited plain error review. <u>Id.</u> ("No objection was voiced to the trial court's ruling and this court, reviewing only for plain error, Rules 29.12(b), 30.20 finds no manifest injustice or miscarriage of justice."). Because the state "court's analysis went no further," there was no federal issue for the federal habeas court to review. <u>Cf.</u> <u>Toney</u>, 79 F.3d at 699.

When the state court's analysis rests on federal law, however, the federal habeas court reviews its decision for an unreasonable application of clearly established federal law as required by § 2254(d)(1). <u>See</u> <u>James v. Bowersox</u>, 187 F.3d 866, 869 (8th Cir. 1999). Although the federal court reviews for plain error–for manifest injustice–the federal habeas court may not simply conduct its own plain error review <u>de novo</u>. <u>Id.</u>; <u>Shelton</u>, 563 F.3d at 408. The Antiterrorism Effective Death Penalty Act (AEDPA) directs federal courts to determine whether the state court decision "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." James, 187 F.3d at 869; § 2254(d)(1).

Even if Toney cannot be harmonized with the circuit's other decisions, it is not applicable to Jones' case. Toney instructs that a "properly limited plain error review . . . does not cure a procedural default." 79 F.3d at 699. There was nothing "limited" about the Missouri Court of Appeal's review of Jones' Faretta claim. The opinion spent more than two pages discussing the legal standard for Faretta claims and its application to Jones' case. Importantly, the opinion concluded that there was "no error plain or otherwise." Because the state court decision rested in its entirety on whether the trial court had properly analyzed Jones' Faretta claim (and did not rest on state procedural rules), Jones' case should be should given "the same degree of attention that the state courts gave it" consistent with the AEDPA. Burns, 173 F.3d at 1095.

The Attorney General now argues in support of its motion to amend under Rule 59(e) that the Missouri Court of Appeals based its decision on a state procedural rule. The Attorney General was ordered to advise the Court of any potential procedural defaults. His response was that only claims 1 through 14 were procedurally defaulted and that the Missouri Court of Appeals had "reject[ed] [claim 15] on the merits," not on the basis of procedural default.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Brown v. Luebbers, 371 F.3d 458, 466 (8th Cir. 2004). Accordingly, as a federal habeas court, I cannot examine whether the Missouri Court of Appeals properly applied state law. And I do not do so here. "All that concerns [me] are issues raised under the United States Constitution." Id.

Section 2254 of 28 U.S.C., as amended by AEDPA provides that, "with respect to any claim that was adjudicated on the merits in State court proceedings," an application for a writ of habeas corpus can only be granted if the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For this reason, I may not simply conduct its own plain error review de novo. James, 187 F.3d at 869. My duty is to determine if the adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law.

Under the "unreasonable application" clause of § 2254(d), a district court may grant a writ of habeas corpus "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

In Jones' case, the Missouri Court of Appeals claimed its review was for plain error, but its entire legal analysis was the merits of Jones' Faretta claim. In his response to Jones' amended petition, the Attorney General argued that the state court's review was on the merits. The Attorney General now argues that Jones' habeas claim fails on plain error review because under Missouri law, "plain error cannot serve as the basis for granting a new trial unless the appellate court finds that the alleged error was outcome determinative." There is absolutely no indication in the Missouri Court of Appeals' decision that the court relied on a state rule requiring an outcome determinative error for rejecting Jones' Faretta claim. I cannot read the court's mind and create a basis for their decision that the court did not itself identify. I can only review what the court did and said. In this case, the court found "no error plain or otherwise." That decision was not simply

an incorrect decision. The Missouri Court of Appeals' decision that there was "no error" was objectively unreasonable for the reasons set out in my memorandum and order dated September 29, 2009, as amended on January 26, 2010. Because the adjudication of Jones' claim involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, Jones is entitled to a writ of habeas corpus.

### *Conclusion*

Rule 59(e) cannot be used to raise arguments that could have and should have been raised earlier. If the issue could now be raised in a Rule 59(e) motion, I would deny the Attorney General's motion because he waived procedural default as a defense, both by his failure to raise it and through his express statement. In light of the Attorney General's waiver and arguments that this Court should review Jones' claim 15 on the merits, review under the normal deferential standard of 28 U.S.C. § 2254(d) was appropriate. Application of the plain error standard to Jones' claim would not alter the result because the state court's decision rested on an unreasonable application of clearly established federal law.


Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to alter or amend judgment [#73] is **DENIED**.

Dated this 18th Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE